# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 11, 2026
Lyle W. Cayce
Clerk

No. 26-30091

In re Alliance Liftboats, L.L.C.,

*Petitioner.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1000

---

PUBLISHED ORDER

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

 Patrick Breaux, a cook, sued Alliance Liftboats, LLC ("Alliance"), claiming that it wrongfully treated him and other employees as exempt seamen for overtime purposes, violating the Fair Labor Standards Act. After preliminary discovery, Breaux moved for the district court to certify a collective action that includes "all individuals employed by Alliance working on Alliance liftboats, whether captains, cooks, crane operators, or otherwise" from April 2021 to April 2024. The court certified a class of

> All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions as crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW

---

[*] Judge Haynes simply joins in the denial.

No. 26-30091

ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASH-VILLE; L/B CHARLESTON; L/B MIAMI; and L/B DALLAS for the [to be determined time period] who performed a substantial amount of non-seaman work, yet were misclassified as exempt from overtime.

Following the certification of that class, Alliance filed an appeal, which was dismissed for want of jurisdiction, and filed a motion for leave to appeal the order per 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3), which also was denied. After those denials, Alliance filed the instant petition for writ of mandamus in this court.

I.

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary cases." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (Smith, J.) (quoting *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (Smith, J.)). We can issue the writ only if the petitioner has "no other adequate means to attain the relief he desires," the court is satisfied that writ is "appropriate under the circumstances," and the petitioner demonstrates "a clear and indisputable right to the writ." *Id.* (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). Because the issues Alliance raises can be remedied on direct appeal, Alliance has failed to demonstrate that it has no other adequate means to obtain the desired relief.

According to Alliance, mandamus is its only path to relief because (1) the collective action certification is otherwise non-appealable, (2) the effect of *Adams*[1] on certification procedure will not be reviewed "due to this issue of notice and timing," (3) Alliance will suffer harm by being subjected to an improper certification, and (4) the district court's ruling in *Hamm*[2] pre-

---

[1] *Adams v. All Coast, L.L.C.*, 15 F.4th 365 (5th Cir. 2021).

[2] *Hamm v. Acadia Healthcare Co.*, 748 F. Supp. 3d 404 (E.D. La. 2024).

vents decertification of this action. None of those theories is sufficient to render mandamus the only adequate means of relief, given that all issues can be addressed in a direct appeal from final judgment.

First, Alliance is correct that collective-action certification is not appealable as a final decision or under the collateral order doctrine because it is "subject to revision in the district court." *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931 (5th Cir. 2005). But that does little to justify this petition because *Loy v. Rehab Synergies, LLC*, 71 F.4th 329 (5th Cir. 2023), establishes that an employer can preserve its challenge to a conditional certification and effectively challenge such a decision on ordinary appeal. Nothing precludes Alliance from raising the question of certification on appeal.

Alliance's second point fares no better because the question whether the district court ran afoul of *Adams* in certifying a class that could include exempt seaman can be addressed on appeal when analyzing the similarly-situated prong of the certification. *See id.* at 336–38 (analyzing whether district court made a legal error in the similarly-situated analysis). To the extent that the issue of sending inappropriate notice was implicated by the failure to delineate properly between and among exempt seaman, Alliance's mandamus petition is too late to address that issue: It is moot because notice has already been sent.[3]

Alliance's assertion that it will suffer harm from having the litigation fundamentally transformed is also insufficient to justify mandamus. To succeed in obtaining mandamus, "[t]here has to be a greater burden, some obstacle to relief beyond litigation costs that renders obtaining relief not just

---

[3] *See JPMorgan*, 916 F.3d at 499 ("Moreover, Chase will have no remedy after a final judgment because the notice issue will be moot once Chase has provided the required contact information and notice has been sent to putative collective members.").

expensive but effectively unobtainable." *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 289 (5th Cir. 2015) (Smith, J.). Alliance posits that relief is effectively unobtainable because "[p]roceeding as a collective action fundamentally transforms the type of action brought against Alliance." Even if that were so, Alliance does not show how that transformation renders relief unobtainable as distinguished from merely more burdensome. For example, in *Lloyd's Register*, we found that a venue-transfer issue satisfied that test, in part, because the very harm that a venue transfer avoids (namely, inconvenience to parties and witnesses) would have come to pass after an appeal. *Id.* Consequently, dealing with the issue via an ordinary appeal would have failed to provide an adequate remedy.

In comparison to the parties in *Lloyd's Register*, if Alliance succeeds on appeal after final disposition in the district court, it can have the judgment overturned, with the only harm being the burden of having to litigate via individual trials. *See Loy*, 71 F.4th at 336 (noting that vacating and remanding for individual trials is a possible form of relief if there was an improper collective action). Again, this case would be different if notice had not already been sent, as any defect regarding the district court's plan to send notice would be moot on direct appeal; Alliance points to no such mootness issue, instead only identifying an injury limited to increased litigation costs. The weakness of Alliance's position is illustrated by its failure to cite a single case, in this circuit or otherwise, that supports its claim regarding its description of harm. Because the issue that Alliance highlights does not render relief effectively unobtainable, its *Hamm* argument similarly fails.

The petition for writ of mandamus is DENIED.[4]

---

[4] Nothing in this order is intended as a comment on the ultimate issues in this matter.